# Exhibit A

Joshua D. Gruenberg, Esq. SB # 163281
Max A. Gruenberg, Esq. SB #345453
Samuel F. Rotshtein, Esq. 355563
**GRUENBERG LAW**
2155 First Avenue
San Diego, CA 92101
Telephone: (619) 230-1234
Facsimile: (619) 230-1074

Attorneys for Plaintiff
**HENRY GOODWIN**

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
10/31/2025 4:07:15 PM

Clerk of the Superior Court
By M. Estrada         ,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| HENRY GOODWIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ENVIRO-SAFE REFRIGERANTS INC; a corporation; AMAZON.COM, LLC. a corporation; AAF INTERNATIONAL, a corporation; MCQUAY INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.   25CU059228C<br><br>**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, HENRY GOODWIN, an individual, and for causes of action against the Defendants, and each of them, complains and alleges as follows:

### GENERAL ALLEGATIONS

1.    The relevant events giving rise to Plaintiff's claims and the conduct of the defendants occurred in San Diego County. Venue is therefore proper under California Code of Civil Procedure section 395.

2.    All of the facts and circumstances complained of herein occurred within the State of California or under circumstances such that this Superior Court has jurisdiction.

3.    At all times relevant, Plaintiff HENRY GOODWIN was and is a resident of the County of San Diego, State of California.

4.    At all times relevant, Defendant ENVIRO-SAFE REFRIGERANTS INC., a corporation;  AMERICAN AIR FILTER COMPANY INC., a corporation; MCQUAY INC., a corporation;  AMAZON.COM, LLC. a corporation;  and DOES 1 through 100, inclusive were and are corporations doing business in the State of California.

5.    The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore, sues said defendants by such fictitious names under Code of Civil Procedure Section 474.  Plaintiff is informed and believes and thereon alleges that each of the defendants herein designated as a DOE is negligently responsible in some manner for the events and happenings alleged herein and legally caused the injuries and damages alleged below.

6.    At all times herein mentioned, each defendant was acting in the course and scope of their employment with the other defendants. Defendants are therefore vicariously liable for the acts of each of the remaining defendants herein.

7.    In addition, each defendant was at all times acting as the ostensible agent of the remaining defendants, and was doing so at the behest of and with the approval of those defendants. At all times herein relevant, Plaintiff reasonably and without negligence relied on the representations made by the defendants about the agency and employment of each of the remaining defendants.

8.    As used throughout, "Refrigerant" shall refer to the ENVIRO SAFE R22 refrigerant cannister

9.    As used throughout, "Hose" shall refer to the transfer hose that came accompanying the Refrigerant.

10.    As used throughout, "Conditioning Unit" shall refer to the water source heat pump industrial air conditioning unit designed and manufactured by Defendant AMERICAN AIR FILTER COMPANY,    INC.,    and/or    Defendant    MCQUAY    INC.,    part    number W.CRH.1.036.M.E.Y.R.S.01.YY.A.C.Y.YY, that was being recharged by Plaintiff when the events occurred giving rise to the instant action.

11.    On or about June 18, 2025, Plaintiff and/or his employer purchased the Refrigerant from Amazon for use within the course and scope of Plaintiff's job duties.

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL

12.    On or about June 25, 2025, Plaintiff was using the Refrigerant to recharge the Conditioning Unit while at work. Plaintiff properly installed the Hose that came with the Refrigerant and ensured that it was securely fastened to the Conditioning Unit. Plaintiff then properly ensured that the Hose was secured by the other end to the Refrigerant. Plaintiff then properly ensured that the release nozzle of the Refrigerant was properly pierced by the Hose, allowing Refrigerant to travel through the Hose and into the Conditioning Unit.

13.    Immediately, and upon commencement of Refrigerant transferring from its cannister into the Conditioning Unit, the Refrigerant combusted, causing an extreme explosion, shrapnel from the cannister being projected at an unsafe velocity, and violent injury to Plaintiff's person.

14.    At all times relevant, ENVIRO-SAFE REFRIGERANTS INC., a corporation; AMAZON.COM, LLC, a corporation;  and DOES 1 through 100, inclusive were and are corporations doing business in the State of California. designed, built, manufactured, tested, inspected, sold, advertised, distributed, and otherwise introduced into the stream of commerce the Refrigerant and Hose.

15.    At all times relevant, AMERICAN AIR FILTER COMPANY, INC., a corporation; MCQUAY INC., a corporation; and DOES 1 through 100, inclusive were and are corporations doing business in the state of California. Designed, built manufactured, tested, inspected, sold, advertised, distributed, and otherwise introduced into the stream of commerce the Conditioning Unit.

16.    Certain batches of Refrigerant, Hose, and/or the Conditioning Unit were defectively designed, manufactured, tested, maintained, delivered, inspected, and sold and were in a dangerous condition and unsafe for the uses and purposes for which they were intended.

<u>**FIRST CAUSE OF ACTION**</u>

**Negligent Product Liability**

**(As to all defendants)**

17.    Plaintiff incorporates each and every allegation above as though fully set forth herein.

18.    ENVIRO-SAFE REFRIGERANTS INC., a corporation;  AMERICAN AIR FILTER COMPANY INC., a corporation; MCQUAY INC., a corporation;  AMAZON.COM, LLC. a corporation;  and DOES 1 through 100, inclusive were engaged in the manufacture, design, testing,

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL

producing, inspecting, vending, distributing, introducing into interstate commerce, transporting in interstate commerce, advertising, selling, installing, and assembling and recommending for use to the general public the Refrigerant, the Hose, and/or the Conditioning Unit.

19.    ENVIRO-SAFE REFRIGERANTS INC., a corporation;  AMERICAN AIR FILTER COMPANY INC., a corporation; MCQUAY INC., a corporation;  AMAZON.COM, LLC. a corporation;  and DOES 1 through 100, inclusive owed duties of care to actual and potential customers and consumers with respect to the Refrigerant, the Hose, and/or the Conditioning Unit. Such duties included but were not limited to: designing, formulating, manufacturing, distributing, selling, and providing the Product in a fashion that was safe to consumers; packaging the Product safely so as to reasonably minimize the potential for injury; labeling the Product so as to reasonably warn consumers of the potential for danger; and reasonably applying knowledge and information from past incidents, complaints, studies, observations, reports, experience, or investigation to provide for the safety of consumers with respect to the products.

20.    ENVIRO-SAFE REFRIGERANTS INC., a corporation;  AMERICAN AIR FILTER COMPANY INC., a corporation; MCQUAY INC., a corporation;  AMAZON.COM, LLC. a corporation;  and DOES 1 through 100, inclusive knew or should have known that if the Product was not properly and carefully manufactured, designed, tested, maintained, inspected, installed, assembled, delivered, molded, warned, labeled, and signed prior to sale or distribution to consumers, it would, if used by any member of the general public, be a substantial factor in causing serious and permanent injury.

21.    ENVIRO-SAFE REFRIGERANTS INC., a corporation;  AMERICAN AIR FILTER COMPANY INC., a corporation; MCQUAY INC., a corporation;  AMAZON.COM, LLC. a corporation;  and DOES 1 through 100, inclusive negligently and carelessly manufactured, designed, tested, maintained, inspected, installed, assembled, delivered, molded, labeled, warned, signed and sold the Refrigerant, the Hose, and/or the Conditioning Unit so that it was in a dangerous and defective condition and unsafe for the use and purposes for which they were intended.

22.    The condition of the Refrigerant, the Hose, and/or the Conditioning Unit was known to defendants, and each of them, or should have been discovered by them through the exercise of

75

Page 4

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL

ordinary care and reasonable diligence, but was not disclosed or made known to purchasers or users of the Refrigerant, the Hose, and/or the Conditioning Unit, including, if applicable, plaintiff.

23.    At all times herein mentioned, purchasers or users of the Refrigerant, the Hose, and/or the Conditioning Unit had no knowledge of the defective condition of the Refrigerant, the Hose, and/or the Conditioning Unit or of any danger in the use of the Refrigerant, the Hose, and/or the Conditioning Unit.

24.    In doing the acts alleged in this complaint, ENVIRO-SAFE REFRIGERANTS INC., a corporation;  AMERICAN AIR FILTER COMPANY INC., a corporation; MCQUAY INC., a corporation;  AMAZON.COM, LLC. a corporation;  and DOES 1 through 100, inclusive violated statutes, rules, standards, regulations, or guidelines applicable to Defendants' conduct, including laws and regulations relating to the manufacture, distribution, and sale of the Refrigerant, the Hose, and/or the Conditioning Unit and similar items.

25.    The injuries and damages to Plaintiff described more fully above, were a direct and legal result of the violations of the statutes, rules, regulations, standards, and guidelines by Defendants.

26.    The statutes, regulations, standards, and guidelines violated by Defendants were drafted, written, and designed to prevent the type of incidents and injuries that occurred in this case, and Plaintiff is among the class of persons the statutes, regulations, standards, and guidelines were designed to protect.

27.    As a direct and legal result of the negligence and carelessness of the Defendants, and each of them, Plaintiff suffered severe shock and injuries to her person. Plaintiff was also injured in her health, strength and activity, all to Plaintiff's general damage in a sum which will be shown according to proof.

28.    As a further direct and legal result of the negligence and carelessness of the Defendants, and each of them, Plaintiff was compelled to and did incur expenses for medical care, hospitalization, nursing and attendant care and other incidental expenses and will have to incur additional like expenses in the future, all in amounts presently unknown to Plaintiff.  Plaintiff therefore asks leave of court either to amend this complaint so as to show the amount of the medical

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL

expenses, when ascertained, or to prove the amount at the time of trial.

29.    As a direct and legal result of the negligence and carelessness of the Defendants, and each of them, Plaintiff was disabled and may be disabled in the future and thereby be prevented from attending to the duties of Plaintiff's usual occupation. Plaintiff has therefore lost earnings and may continue to lose earnings in the future, all in amounts presently unknown. Plaintiff asks leave of court either to amend this complaint to show the amount of lost earnings, when ascertained, or to prove the amount at the time of trial.

30.    The negligence and carelessness of the Defendants was a substantial factor in causing the injuries and damages alleged above.

**SECOND CAUSE OF ACTION**

**Strict Product Liability - Design and Manufacturing Defect**

**(As to all Defendants)**

31.    Plaintiff hereby incorporates by reference each and every allegation articulated above as though fully set forth herein.

32.    At the time that the Product left the control of Defendants ENVIRO-SAFE REFRIGERANTS INC., a corporation; AMERICAN AIR FILTER COMPANY INC., a corporation; MCQUAY INC., a corporation; AMAZON.COM, LLC. a corporation; and DOES 1 through 100, inclusive, The Refrigerant, Hose, and/or Conditioning Unit were dangerous and defective as a result of design, manufacture, labeling, and marketing by Defendants. The defects included, but were not limited to, inadequate container strength and structural integrity of the Refrigerant resulting in failure to withstand normal operating pressures; improper chemical composition of the Refrigerant that caused rapid expansion and excessive pressure buildup during normal use; defective Hose and connection components that failed to maintain secure attachment and proper pressure containment; incompatible or defective Conditioning Unit components that contributed to pressure irregularities and system failures; misrepresentation and improper labeling of the Refrigerant type, chemical properties, and system compatibility requirements; and failure to provide adequate warnings regarding pressure risks, chemical incompatibilities, equipment compatibility issues, and proper usage parameters that Defendants knew or should have known

75

Page 6

would create hazardous conditions during normal operation.

33.    At all times relevant, Defendants, and each of them, knew and intended that the Refrigerant, Hose, and/or Conditioning Unit would be purchased, rented, leased and operated by members of the general public who would rely on Defendants to safely design, manufacture, market and distribute the Refrigerant, Hose, and/or Conditioning Unit in a safe manner and to transmit any relevant warnings about the product.

34.    At the time of the incident giving rise to this Complaint, the Refrigerant, Hose, and/or Conditioning Unit was being used in a manner and fashion that was foreseeable by Defendants, and each of them, and in a manner in which the Refrigerant, Hose, and/or Conditioning Unit was intended to be used.

35.    Defendants manufactured and designed the Refrigerant, Hose, and/or Conditioning Unit defectively or knew its manufacture or design was defective, or both, causing the Refrigerant, Hose, and/or Conditioning Unit to fail to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

36.    In addition, the risks inherent in the design of the Refrigerant, Hose, and/or Conditioning Unit outweigh any benefits of that design.

37.    As a legal result of the aforementioned dangerous and defective condition of the Refrigerant, Hose, and/or Conditioning Unit, and failures by the Defendants to warn as alleged hereinabove, Plaintiffs were injured and suffered damage as alleged.

38.    At all times relevant, Defendants, and each of them, intentionally engaged in conduct which exposed the user of the products to a serious potential danger known to the Defendants, and each of them, which decision was based on their choice to advance their own pecuniary interest. As such, this conduct was an act in conscious disregard of the safety of persons such as Plaintiffs, and presents the proper circumstance for the imposition of punitive and exemplary damages, in such amount according to proof at trial.

## THIRD CAUSE OF ACTION

**Strict Product Liability - Failure to Warn of Defective Condition**

**(As to all Defendants)**

75

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL

39. The Refrigerant, Hose, and/or Conditioning Unit were in a dangerous and defective condition when introduced into the stream of commerce by the defendants. The Refrigerant, Hose, and/or Conditioning Unit were so defective that when used in a way that was reasonably foreseeable, the potential risks of the Refrigerant, Hose, and/or Conditioning Unit created a substantial danger to users of the Refrigerant, Hose, and/or Conditioning Unit and others, and could and would cause those serious injuries.

40. The Refrigerant, Hose, and/or Conditioning Unit had potential risks that were known or knowable by the use of scientific knowledge available at the time of manufacture, distribution and sale of the Refrigerant, Hose, and/or Conditioning Unit. Defendants knew, or in the exercise of reasonable care, should have known that the potential or inherent risks presented a substantial danger to users of the Refrigerant, Hose, and/or Conditioning Unit because defendants possessed special knowledge of the materials, design, character and assemblage of the Refrigerant, Hose, and/or Conditioning Unit. Plaintiff and ordinary consumers would not recognize, nor have knowledge that the Refrigerant, Hose, and/or Conditioning Unit were dangerous and defective.

41. Although possessed of special knowledge of the potential risks and substantial danger to users of the Refrigerant, Hose, and/or Conditioning Unit and others, defendants failed to adequately warn or instruct of the potential risks and dangerous and defective conditions of the Refrigerant, Hose, and/or Conditioning Unit.

42. Plaintiff was harmed and suffered the injuries and damages alleged as a result of defendants' failure to adequately warn. The lack of sufficient warning or instructions was a substantial factor in causing plaintiff's harm.

## FOURTH CAUSE OF ACTION

### Breach of Implied Warranty

### (As to all Defendants)

43. At relevant times herein, Defendants marketed, manufactured, promoted, distributed or sold the Refrigerant, Hose, and/or Conditioning Unit for use by the public at large, including the Plaintiff. Defendants knew the use for which their Refrigerant, Hose, and/or Conditioning Unit were intended and represented or impliedly warranted the Refrigerant, Hose, and/or Conditioning Unit to

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL

be of merchantable quality, and safe and fit for its intended uses.

44.    Defendants had a duty to exercise reasonable care in the research, development, design, testing, manufacture, inspection, labeling, distribution, marketing, promotion, sale and release of the Refrigerant, Hose, and/or Conditioning Unit.

45.    Plaintiff purchased and/or made a decision to use the Refrigerant, Hose, and/or Conditioning Unit, and reasonably relied upon the Defendant and it's agents to disclose known defects, risks, dangers and side effects of the Refrigerant, Hose, and/or Conditioning Unit.

46.    Plaintiff had no knowledge of the falsity or incompleteness of the Defendant's statements and representations concerning the Refrigerant, Hose, and/or Conditioning Unit when Plaintiff purchased the Refrigerant, Hose, and/or Conditioning Unit as researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold and otherwise released into the stream of commerce by Defendants.

47.    Defendants had sole access to material facts concerning the defects, and Defendant knew that users, such as Plaintiff, could not have reasonably discovered such defects.

48.    By the conduct alleged, Defendants impliedly warranted to Plaintiff that the Refrigerant, Hose, and/or Conditioning Unit was merchantable and fit for the purpose intended.

49.    Defendants breached this warranty in designing, manufacturing, selling, and distributing the Refrigerant, Hose, and/or Conditioning Unit in a dangerous and defective condition and in failing to warn Plaintiff and purchasers of the Refrigerant, Hose, and/or Conditioning Unit of these defects.

50.    As a direct result of the conduct of the Defendants, Plaintiff has suffered and continue to suffer serious and permanent physical, and emotional injuries, has expended and will continue to expend large sums of money for medical care and treatment, have suffered and will continue to suffer economic loss, and have otherwise been physically and economically injured.

**FIFTH CAUSE OF ACTION**

**Breach of Express Warranty**

**(As to all Defendants)**

51.    Defendants ENVIRO-SAFE REFRIGERANTS INC., a corporation;  AMERICAN

AIR FILTER COMPANY INC., a corporation; MCQUAY INC., a corporation;  AMAZON.COM, LLC. a corporation;  and DOES 1 through 100, inclusive, expressly and by advertising, warranted and represented to the general public and to plaintiff, and each of them, that the Refrigerant, Hose, and/or Conditioning Unit was reasonably fit for the purpose for which they were intended.

52.     Plaintiff reasonably relied on those warranties and representations. The Refrigerant, Hose, and/or Conditioning Unit did not conform to the representations made by Defendants and was not fit for the purpose for which it was intended. When used in a normal and usual manner, the Refrigerant, Hose, and/or Conditioning Unit caused the serious personal injuries to plaintiff more fully set forth above.

53.     Defendants' breach of their express warranties were a substantial factor in causing the injuries as alleged above.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1.     For general damages according to proof;

2.     For loss of earnings, medical expenses, and all incidental expenses according to proof;

3.     For interest from the date of accident to the time of judgment;

4.     For costs of suit incurred herein; and

5.     For such other and further relief as the Court deems proper.

### DEMAND FOR JURY TRIAL

NOTICE IS HEREBY GIVEN that Plaintiff hereby demands trial by jury in the above-captioned matter.

Dated:  October 31, 2025.                          GRUENBERG LAW

Josh D. Gruenberg, Esq.
Samuel F. Rotshtein, Esq.
Max A. Gruenberg, Esq.
**Attorneys for Plaintiff,**
HENRY GOODWIN

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL